# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>Court Address:   1100 Judicial Center Drive<br>                Brighton, Colorado 80601<br><br>Phone:  (303) 654-2390 | DATE FILED: August 10, 2020 11:09 AM<br>FILING ID: 47EEE22BE05B7<br>CASE NUMBER: 2020CV31051 |
| Plaintiff: VIRGINIA NICKELL<br><br>v.<br><br>Defendants: DILLON COMPANIES, LLC D/B/A KING SOOPERS and MCW-RC III HILLTOP VILLAGE, LLC | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff**<br>Name: COOK, BRADFORD & LEVY, LLC<br>Address: 2590 Trailridge Drive East, #202<br> Lafayette, CO 80026<br>Telephone: 303-543-1000<br>Facsimile: 303-543-8582<br>Atty. Reg: Jason D. Levy: #48571<br>Email: jason@colegalteam.com | Case Number:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff, Virginia Nickell, by and through her attorneys, COOK, BRADFORD & LEVY, LLC, and hereby submits her Civil Complaint and Jury Demand against Defendants Dillon Companies, LLC d/b/a King Soopers and MCW-RC III Hilltop Village, LLC. In support thereof, Plaintiff allege(s) and avers as follows:

## GENERAL ALLEGATIONS

1.     At all times relevant to this action, Plaintiff Virginia Nickell (hereinafter "Plaintiff" or "Nickell") is or was a resident of the State of Colorado, with a current mailing address of 13279 Holly Street, Unit C, Thornton, CO, 80241.

2.     Upon information and belief, at all times relevant to this action, Defendant Dillon Companies, LLC d/b/a King Soopers (hereinafter "Dillon") was a foreign limited liability company corporation, organized under the laws of Kansas, with a principal place of business at 2700 E 4th Street, Hutchinson, KS, 67501. The registered agent for Dillon is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

3. Upon information and belief, at all times relevant to this action, Defendant MCW-RC III Hilltop Village, LLC (hereinafter "MCW-RC") was a foreign limited liability company, organized under the laws of Delaware, with a principal place of business at One Independent Drive, Suite 114, Jacksonville, FL, 32202. The registered agent for MCW-RC is United Agent Group Inc., 155 E. Boardwalk #490, Fort Collins, CO 80525.

4. Venue is proper in the District Court of Adams County pursuant to C.R.C.P. 98(c) as the incident took place in Adams County.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates all previous allegations as though fully set forth.

6. At all times relevant to this action, Defendant Dillon, owned, operated, and/or managed real property in Thornton, Colorado located at 13700 Colorado Blvd. (hereinafter the "Premises"), including the portions of the parking lot of the commercial plaza utilized by its customers.

7. At all times relevant to this action, Defendant Dillon, was responsible for making sure the Premises parking lot utilized by its customers was maintained in a reasonably safe condition, or alternatively, warning its customers of the unsafe conditions of which it knew or should have known.

8. At all times relevant to this action, Defendant MCW-RC owned, operated, and/or managed real property in Thornton, Colorado located at 13700 Colorado Blvd, including the common parking lot for all tenants of the commercial plaza.

9. At all times relevant to this action, Defendant MCW-RC was responsible for making sure the Premises parking lot was maintained in a reasonably safe condition, or alternatively, warning visitors to the commercial plaza of the unsafe conditions of which it knew or should have known.

10. At all times relevant to this action, Defendants Dillon and/or MCW-RC were the record owners and/or occupants in possession of the Premises. As such, Defendants are "landowners" with respect to the Premises as defined by C.R.S. § 13-21-115(1).

11. On or about December 15, 2018, Plaintiff was a lawful entrant on the Premises. Plaintiff came to the Premises, a commercial plaza, for the purpose of purchasing goods from the King Sooper grocery store and parked in the Premises parking lot near the entrance to the King Sooper grocery store.

12. On or about December 15, 2018, the parking lot located on Premises where Plaintiff parked was available for the common use of visitors and/or customers to the commercial plaza. The parking lot was owned and/or maintained by Defendants.

13. Consequently, Plaintiff was at all times an "invitee" of the Defendants, as that term is defined pursuant to C.R.S. 13-21-115(3)(c)(I).

14.     At the above time and place, Plaintiff felling when she was pushing her grocery cart and stepped into a large pothole in the parking lot of the Premises located in one of the parking rows about 100 ft southwest from the entrance of the King Sooper grocery store.

15.     The large pothole was located in a designated traffic area where it was foreseeable that customers, including the Plaintiff, would be walking to and from their vehicles.

16.     As a result of stepping in the large pothole, Plaintiff fell and sustained injuries, including fracturing the bones in both of her arms requiring emergency surgical repair.

17.     The existence of a large pothole in the parking lot area was a foreseeable and unreasonably dangerous condition under the circumstances then existing.

18.     As owners and/or operators of the Premises, Defendants knew, or should have known, that the existence of large pothole in its parking lot constituted a fall risk to customers and pedestrians walking in the parking lot.

19.     Defendants failed to take reasonable steps to mitigate the fall risk presented by the pothole, including marking the pothole or making the area safe and free of defects by filing in the pothole with asphalt.

20.     Defendants failed to warn the Plaintiff or other users of the parking lot on the Premises of the unreasonable and foreseeable risk presented by the large pothole.

21.     As a result of Defendants' unreasonable conduct, Plaintiff sustained physical injuries.

22.     As a result of Defendants' unreasonable conduct, Plaintiff has suffered damages, including past and future medical expenses, past wage loss, permanent physical impairment and disfigurement, and noneconomic damages for pain, suffering, inconvenience, and loss of enjoyment of life.

## FIRST CLAIM FOR RELIEF
### Statutory Premises Liability Pursuant to § C.R.S. § 13-21-115

23.     Plaintiff incorporates all previous allegations as though fully set forth.

24.     At all times relevant to this Complaint, Defendants were "landowners" as defined by C.R.S. § 13-21-115(1).

25.     At all times relevant to this Complaint, Plaintiff was an "invitee" in accordance with C.R.S. § 13-21-115(3)(c)(I).

26.     Defendants, as "landowners," had a duty to exercise reasonable care to protect against dangers of which they actually knew or should have known, to carry on activities in a reasonably safe manner, and/or to warn of the dangers created by the condition of the aforementioned dangerous condition pursuant to C.R.S. § 13-21-115 at the date, time, and place set forth above.

27.     Pursuant to C.R.S. § 13-21-115(3)(c)(I), Plaintiff may recover damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

28.     Pursuant to C.R.S. § 13-21-115(3)(c)(II), Plaintiff may recover damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew.

29.     Plaintiff's actions in pushing her shopping cart and walking back to her vehicle through the parking lot of the Premises were foreseeable, as were Plaintiff's injuries that resulted on the date, time, and place set forth above.

30.     Defendants knew, or should have known, that invitees would walk to and from their vehicles in the parking lot on the Premises on the date, time, and place set forth above.

31.     Defendants knew or should have known of the dangerous condition existing on its Premises on the date, time, and place set forth above.

32.     Defendants breached their duties outlined above by failing to maintain the parking lot in such a manner as to mitigate the risk presented by the large pothole.

33.     As a result of Defendants' breach of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, impairment of earning capacity.

34.     As a result of Defendants' breach of the aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

35.     As a result of Defendants' breach of the aforementioned duties, Plaintiff has suffered permanent physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
### Negligence

36.     Plaintiff incorporates all previous allegations as though fully set forth.

37.     Defendants knew, or should have known, that the parking lot on the Premises was not maintained in a safe condition on the date, time, and place set forth above.

38.     Defendants knew, or should have known, that the large pothole on the Premises constituted a dangerous condition on the date, time, and place set forth above.

39.     Defendants had a duty to conduct themselves and their activities in such a manner as to avoid the foreseeable risk of danger presented by the large pothole.

40.     Defendants breached their respective duties by failing to conduct their activities in such a manner as to avoid the foreseeable risk of harm to others, including the Plaintiff.

41.     Defendants breached their respective duties by failing to warn foreseeable users of the parking lot of the danger presented by the large pothole.

42.     As a result of Defendants' breach of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, and impairment of earning capacity.

43.     As a result of Defendants' breach of the aforementioned duties, Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

44.     As a result of Defendants' breach of the aforementioned duties, Plaintiff has suffered temporary and permanent physical impairment and disfigurement.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

**WHEREFORE**, Plaintiff prays for this Court to enter Judgment against the Defendants Dillon Companies, LLC d/b/a King Soopers and MCW-RC III Hilltop Village, LLC in an amount to be determined at trial and for the costs of this suit, for pre-judgment and post-judgment interest, costs, and expert witness fees, and for such other and further relief as the Court may deem just and proper.

DATED August 10, 2020

Respectfully submitted,

**COOK, BRADFORD & LEVY, LLC**

/s/ Jason D. Levy: #48571

Jason D. Levy: #48571

*Attorneys for the Plaintiff*

Plaintiff's address: 13279 Holly Street, Unit C, Thornton, CO 80241.